UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANK LAWSHEA, | ) |
| Petitioner, | ) |
| v. | ) No. 4:12CV783 AGF |
| JEFF NORMAN, | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is successive and shall be summarily dismissed.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

On December 5, 1989, petitioner was convicted by a jury of two counts of robbery in the first degree in the Circuit Court of St. Louis County, Missouri. Immediately following the jury trial, petitioner plead guilty to two additional counts of attempted robbery. Petitioner was sentenced to thirty (30) years on one of the first degree robbery convictions and (15) fifteen years on the second first degree robbery conviction, on December 21, 1989, to run consecutively. Petitioner was sentenced to

ten (10) years on each of the attempted robbery convictions on July 2, 1990.  See State v. Lawshea, Case No. 21CCR-595207 (Mo. Cir. Ct. July 2, 1990).

Petitioner filed a direct appeal of his convictions and sentences, and the Missouri Court of Appeals affirmed the sentences on October 23, 1990.  State v. Lawshea, 798 S.W.2d 198 (Mo. Ct. App. 1990).  Petitioner filed a motion for post-conviction relief with the trial court on June 6, 1990, which was tried by the court, and denied on July 26, 1990.  Lawshea v. State, No. 21611205 (Mo. Cir. Ct. July 26, 1990).  The motion was affirmed on appeal.  See State v. Lawshea, No. ED58799 (Mo. Ct. App. January 29, 1991).  Petitioner, thereafter, filed a motion to recall the mandate, which was denied.  Lawshea v. State, No. ED57752 (Mo. Ct. App. December 19, 1990). Petitioner then filed a petition for redress in the sentencing court challenging his class "X" offender classification.  This motion was deemed a Rule 29.15 motion by the sentencing court and was denied as successive.  Lawshea v. State, No. 21624514 (Mo. Cir. Ct. May 28, 1991).  In June and September of 1991, petitioner filed writs of habeas corpus in the Missouri Western District Court of Appeals and the Missouri Supreme Court, respectively.  See Lawshea v. State, No. WD44909 (Mo. Ct. App. June 10, 1991) and Lawshea v. State, No. SC74062 (Sup. Ct. Mo. September 1991). Both applications for writs were denied.

On October 8, 1991, petitioner sought federal habeas relief in this Court, and his request was denied on the merits on June 7, 1994. See Lawshea v. Groose, 4:91CV2071 SNL (E.D. Mo.). He appealed the denial to the United States Court of Appeals for the Eighth Circuit, but he voluntarily dismissed his appeal on August 1, 1994. See Lawshea v. Groose, No. 94-2734 (8th Cir. August 1, 1994). Petitioner later sought leave to reopen his appeal, but his request was denied on November 7, 1994.

In August, September and October of 2007, petitioner filed petitions for writs of habeas corpus in Mississippi County, the Missouri Eastern District Court of Appeals and the Missouri Western District Court of Appeals. In October of 2010, petitioner filed another petition for writ of habeas corpus in Cole County. Petitioner filed the instant petition on July 9, 2012.

In his application before the Court, petitioner alleges several grounds for relief, under the auspices of ineffective assistance of trial and appellate counsel. He asserts that his counsel was ineffective for failing to: (1) object to the denial of his sixth amendment right to counsel during a post-indictment line-up; (2) raise evidence that another individual had been arrested and charged with the same crime and object to the prosecutor's motion in limine to keep this evidence out of the trial; (3) investigate the

911 call by Eric Cannon; (4) take depositions of the state's witnesses prior to their testimony at trial; and (5) adequately prepare for trial.

To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus is **DISMISSED**.

Dated this 27th day of July, 2012.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE